Filed 01/05/10 Case 09-48183 Doc 17

FILED
January 05, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002327672
2009-48183-MOTN-RIN-02

Michael Rinne - SBN 242579
RINNE LEGAL
1990 North California Blvd - 8th Floor
Walnut Creek, California 94596
(925) 932-7086

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Arsenio Junio<br><br>Wilhelmina Junio<br><br>Debtors | Case No. 09-48183<br>Hearing Date: January 12, 2010<br>Hearing Time: 9:30 AM<br>Courtroom: 35<br>The Honorable Christopher Klein<br>Docket Control No.: RIN-02 |

# MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' BUSINESS

Michael Rinne of Rinne Legal, on behalf of Arsenio Junio and Wilhelmina Junio, the Debtors herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's interest in the Debtors' Business. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on December 23, 2009. Susan Smith was duly appointed to serve as Trustee.

2. As shown in the filed schedules of this case, the Debtors operate a day care business, Angels Learn & Play. Said business is located at 702 Adagio Dr. in Fairfield, CA, 94535. Copies of the day care license and insurance are filed herewith as Exhibits.

3. The Debtors' tools of the trade and other business-related assets, if any, have been disclosed in the filed Schedule B and there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above the exemptions, if any, in Schedule C claimed by the Debtors. The relevant pages of the above mentioned schedules, as filed with the Court, are filed herewith as Exhibits.

4. The Debtors are aware that, under the provisions of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtors' business; and then, only with an order of the Court. Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

5. However, the Debtors assert that, based on the lack of any unexempt equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating OR shutting down this business.

6. Debtors' income will be severely damaged by a prolonged shutdown of the business, and Debtors' clients will also be damaged in that they will have to find alternate day care for their children on short notice.

7. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors, to file a motion seeking to compel the Trustee to abandon property of the estate.

This motion is based on 11 USC §721, Fed. R. Bankr. P. 6007 and LBR 9014-1; on the Exhibits submitted herewith; and on the Declaration of Debtors submitted herewith.

WHEREFORE, the Debtors move this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtors' Business.

Dated: January 5, 2010

                     RINNE LEGAL

                     */s/ Michael Rinne*
                     Michael Rinne